UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAN FERROSTAAL, INC., now known as :
FERROSTAAL METALS GROUP, INC. :
: 
                Plaintiffs, :   Docket no.: 08 Civ. 40 (JSR)
:
   -against- :
:
M/V EMERALD, her engines, tackle, :
boilers, etc., CARGO-LEVANT SCHIFFAHRTS : **ANSWER OF NEREUS**
MBH, COMBINED ATLANTIC CARRIERS : **SHIPPING SA WITH**
(COMBAC), GLORIA SPECIAL MARITIME : **CROSSCLAIM AND**
ENTERPRISE (ENE), NEREUS SHIPPING SA, : **AFFIRMATIVE**
: **DEFENSES**
                Defendants. :
------------------------------------------------------------X

     Defendant Nereus Shipping SA ("Nereus Shipping"), by and through its attorneys, Tisdale Law Offices, LLC, as and for their Answer to the Complaint dated January 2, 2008, hereby states as follows:

     1.    Admits that this is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

     2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph of the Complaint.

     3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third paragraph of the Complaint.

     4.    Denies the allegations contained in the fourth paragraph of the Complaint.

     5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth paragraph of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh paragraph of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth paragraph of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. Plaintiff is not a real party-in-interest.

### SECOND AFFIRMATIVE DEFENSE

11. Plaintiff's Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

12. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or

similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

### FOURTH AFFIRMATIVE DEFENSE

13. The United States Carriage of Goods by Sea Act provides in § 1304 thereof, among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******
>
> (b) Fire, unless caused by the actual fault or privity of the carrier;
>
> (c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;
>
> (i) Act of omission of the shipper or owner of the goods, his agent or representative;
>
> (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n) Insufficiency of packing;
>
> (p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.
>
> (q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

### FIFTH AFFIRMATIVE DEFENSE

14. Plaintiff's claim is time-barred under the governing statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

15. In the event that any liability is adjudged against this answering Defendant, then the liability of this Defendant is restricted and limited to U.S. $500 per package, or in case of goods not shipped in package, per customary freight unit, in accordance with the provision of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1304 or some other limitation amount set forth in the governing legislation.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS CARGO-LEVANT SCHIFFHARTS MBH, COMBINED ATLANTIC CARRIERS (COMBAC) AND GLORIA SPECIAL MARITIME ENTERPRISES (ENE), NEREUS SHIPPING ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

16. Defendant Nereus Shipping alleges that if any liability should be assessed against it in favor of the Plaintiff, which is denied, then such liability will have resulted from the negligence of Co-Defendants Cargo-Levant Schiffarts MBH, Combined Atlantic Carriers (COMBAC) and Gloria Special Maritime Enterprises (ENE) in whole or in part, and not due to any negligence on the part Defendant Nereus.

17. As a result, Defendant Nereus Shipping is entitled to indemnity and/or contribution from Co-Defendants for Cargo-Levant Schiffarts MBH, Combined Atlantic Carriers (COMBAC) and Gloria Special Maritime Enterprises (ENE):

A. All amounts which it is required to pay Plaintiff; and

B. All amounts, including reasonable attorneys' fees, which it incurs defending Plaintiff's claim.

WHEREFORE, Defendant Nereus Shipping respectfully requests judgment as follows:

A. Dismissing the Complaint against it and awarding it the costs and disbursements of this action; or, in the alternative,

B. Over and against Co-Defendants Cargo-Levant Schiffarts MBH, Combined Atlantic Carriers (COMBAC) and Gloria Special Maritime Enterprises (ENE) for:

1. All amounts which it may be required to pay the Plaintiff; and

2. All amounts, including reasonable attorneys' fees which it incurs in defending its claim; and

C. For such other, further and different relief as this Court may deem just and proper.

WHEREFORE, Defendant Nereus Shipping SA prays that this court enter judgment in favor of this answering Defendant against Plaintiff and that this answering Defendant be granted such other and further relief as to this court seems just and proper, including sanctions, costs and counsel fees.

Dated: New York, NY
April 1, 2008

> TISDALE LAW OFFICES, LLC
> Attorneys for Defendant
> Nereus Shipping SA
>
> By: _____/s/_____
> Lauren C. Davies (LD1980)
> Thomas L. Tisdale (TT5263)
> ldavies@tisdale-law.com
> ttisdale@tisdale-law.com
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> Tel: (212)354-0025
> Fax: (212) 869-0067

## AFFIRMATION OF SERVICE

I hereby certify that on April 1, 2008, a copy of the foregoing ANSWER OF NEREUS SHIPPING WITH CROSSCLAIM AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Cargo-Levant Schiffahrts MBH<br>Altenwall 25, D-28195<br>Bremen, Germany | Combined Atlantic Carriers (COMBAC)<br>Altenwall 25, D-28195<br>Bremen, Germany |
| Gloria Special Maritime Enterprises (ENE)<br>Lemos Maritime Building 35 39, Akit<br>Maiouli, Piraeus, Greece 185 35 | |

/s/<br>
Lauren C. Davies